Mr. Justice Wylie
delivered the opinion of the court:
In this case the negotiable note which was secured by the first deed of trust #as made by John N. Hubbard to James M. Ormes, and the latter indorsed it to the complainant Burnstine, who became the purchaser for full value. While the latter was relying upon this security, the trustee, William H. Ward, was induced by a fraudulent imposition and representation to execute a release of the deed of trust without any notice to Burnstine, and without his consent or knowledge. After the property had been released, the insurance *223 company advanced money, upon the loan already nogotiated, to Hubbard, and claims that it has obtained a priority of lien by virtue of the second trust-deed which had been executed to the company, and that, consequently, Burnstine loses his security. We are, however, satisfied from the testimony that Bigelow, who was the a,gent of the insurance company, was an active party to the fraud in obtaining the release, and that Ormes acted in concert with him.
It is also clear that they both knew perfectly well that Burnstine held the note, and relied upon the property as security for its payment. The company, we think, are not justly entitled to the advantage which they claim, when it has been acquired by the active fraud or imposition of one of their own agents. As Burnstine wa¡s an innocent party, without notice, or any circumstance that could excite his suspicion, we think he ought to be maintained in his right, even if the loss falls upon the appellant.
The decree below is affirmed.